**Jela FOLK, Petitioner,**

v.

Peter D. KEISLER,* Acting United States Attorney General, Respondent.

Nos. 02–4499–ag, 03–40729–ag.

United States Court of Appeals, Second Circuit.

Sept. 28, 2007.

Michael P. DiRaimondo, (Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, Stacey A. Huber, of counsel, on the brief), DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Margaret Kuehne Taylor, (Sherease Louis, Special Assistant United States Attorney, Madelyn Johnson, Assistant United States Attorney, on the brief), Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation for Jeffrey A. Taylor, United States Attorney for the District of Columbia, Washington, DC, for Respondents.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. ROBERT A. KATZMANN, Circuit Judges.

## AMENDED SUMMARY ORDER

Petitioner Jela Folk ("Folk"), a citizen of Serbia–Montenegro, seeks review of an

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

August 21, 2002 order of the BIA, affirming the January 30, 2001 decision of Immigration Judge ("IJ") Jeffrey S. Chase, denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), *In re Folk*, No. A77 710 512 (BIA Aug. 21, 2002), *aff'g* No. A77 710 512 (Immig. Ct. New York City Jan. 30, 2001), and a September 22, 2003 order of the BIA denying a motion to reopen her proceedings, *In re Folk*, No. A77 710 512 (BIA Sept. 22, 2003). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

■ The IJ denied Folk's claims based on an adverse credibility determination. That determination was supported by evidence in the record; a reasonable factfinder would not be compelled to conclude that Folk was credible. *See* 8 U.S.C. § 1252(b)(4)(B). Folk's application and testimony were inconsistent in several ways and that inconsistent testimony was not "minor and isolated," *Diallo v. I.N.S.*, 232 F.3d 279, 288 (2d Cir.2000), but instead went to the heart of Folk's claims.

The most notable inconsistencies in Folk's testimony relate to the abuse she allegedly suffered in 1989 at the hands of local police. While this was the only act of violence directed at Folk reported in her application for asylum, Folk did not testify about the experience at her hearing until prodded to discuss it on cross-examination. More importantly, Folk's testimony that this event took place in 1989 is inconsistent with the dates on her passport. Other infirmities in Folk's testimony that supported the IJ's finding that she was not credible include the failure of her original application to describe the physical violence she claimed to have been subjected to while at the police station; her failure to

provide any supporting documentation for her claims, particularly the death of her mother; and the implausibility of parts of her testimony, such as her statement that when soldiers attacked her mother in 1998 they were looking for her (even though she had left the country ten years earlier) based on their belief that Folk belonged to some unnamed organization.

■ The BIA did not abuse its discretion in denying Folk's motion to reopen. The BIA provided a rational explanation for its decision not to reopen, specifically that the information provided by Folk did not show that conditions had meaningfully changed since Folk's original hearing.

Finally, Folk's challenges to the BIA's summary affirmance procedure are rejected. As her brief acknowledges, we have ruled both that this procedure does not violate due process, *Kambolli v. Gonzales*, 449 F.3d 454, 459 (2d Cir.2006) (per curiam), and that we do not have jurisdiction to review the decision of the BIA to decide a particular case by summary affirmance. *Id.* at 463.

For the foregoing reasons, the petitions for review are **DENIED**. Having completed our review, the stay of removal entered in this petition on November 19, 2003 is **VACATED**.